## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KPI OCEANCONNECT INC. | § | CIVIL ACTION NO. |
| | § | JUDGE |
| | § | |
| | § | MAGISTRATE |
| | § | |
| **Versus** | § | |
| | § | |
| M/V OCEAN BELT *in rem*, | § | |
| Ocean Belt Maritime Incorporated and | § | |
| Crystal Sea Shipping Co., Limited and | § | |
| *in personam* | § | |

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, KPI OceanConnect, Inc. ("KPI") who files this Verified Complaint against defendants, M/V OCEAN BELT, her engines, freight, tackle, appurtenances, apparel, etc., *in rem*, Ocean Belt Maritime Incorporated ("OBMI") and Crystal Sea Shipping Co., Limited ("Crystal Sea") *in personam*, seeking a warrant of maritime arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, as well as damages for amounts owed for Defendants' breach of contract.

Plaintiff respectfully represent upon information and belief as follows:

## JURISDICTION

1.      This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rules C for Certain Admiralty and Maritime Claims, Federal Rule of Civil Procedure 9(h), and the supplemental jurisdiction of this Court pursuant to U.S.C. § 1367.

1

## PARTIES

2.      Plaintiff KPI OceanConnect Incorporated is a New Jersey corporation with its principal place of business in New Jersey and was, and is, a supplier of bunker fuel to vessels.

3.      Defendant M/V OCEAN BELT is a Hong Kong, China S.A.R, flagged vessel, bearing IMO No. 9384930. The M/V OCEAN BELT is now, or will be during the pendency of process hereunder, within this Judicial District and within the jurisdiction of this Honorable Court, and upon information and belief, is presently offshore Louisiana.

4.      Defendant Ocean Belt Maritime Incorporated is a foreign corporation not registered to do business in Louisiana. Upon information and belief, Defendant OBMI is or was at all relevant times the registered owner of the M/V OCEAN BELT.

5.      Defendant Crysal Sea Company Limited is a foreign limited liability company not registered to do business in Louisiana. Upon information and belief, Defendant Crystal Sea is or was at all relevant times the charterer of the M/V OCEAN BELT.

## FACTS

6.      KPI is in the business of supplying bunkers to vessels.

7.      The bunkers are provided pursuant to KPI's Standard Terms and Conditions of Sale of Marine Fuel, dated January 18, 2024, a copy of which is attached as **Exhibit 1**.

8.      On or about January 23, 2024, pursuant to KPI's Standard Terms and Conditions of Sale, and at the request of Crysal Sea, KPI agreed to provide bunkers to the M/V OCEAN BELT, the registered owner of which was and is OBMI. This was memorialized in an Order Confirmation, which is attached as **Exhibit 2**.

2

9.      On or about March 11, 2024, KPI provided the bunkers to the M/V OCEAN BELT. This was confirmed in a Bunker Delivery Note, which is attached as **Exhibit 3**.

10.     On or about March 31, 2024, KPI issued Invoice No. 106264 for the bunkers, which totaled $1,243,236.38. A copy of Invoice No. 106264 is attached as **Exhibit 4**.

11.     Of the amount charged by KPI for the bunkers, $33,018.00 remains unpaid by Defendants.

12.     The bunkers supplied to the M/V OCEAN BELT by KPI constitute necessaries within the meaning of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301 *et seq.*

13.     In providing the bunkers as necessaries to the M/V OCEAN BELT, KPI relied on the credit of the Vessel.

14.     The necessaries delivered to the M/V OCEAN BELT were ordered by the M/V OCEAN BELT and/or its charterers Crysal Sea who are presumed under 46 U.S.C. § 31341 to have authority to procure necessaries for the M/V OCEAN BELT and to incur liens against the vessel whose registered owner was and is OBMI.

15.     Pursuant to Section 8.4 of KPI's Standard Terms and Conditions of Sale, KPI is entitled to interest at a rate of 3% per month. As of January 3, 2025, $10,550.92 in interest is outstanding and continues to accrue.

16.     Pursuant to Section 8.5 of KPI's Standard Terms and Conditions of Sale, KPI is entitled to recover 20% of the total outstanding amount, which amount totals $8,713.78.

17.     Pursuant to Sections 8.3 and 15.1 of KPI's Standard Terms and Conditions of Sale, KPI is entitled to recover attorneys' fees and costs associated with enforcing this maritime lien.

## RULE C ARREST

18.     Plaintiff KPI repeats and re-alleges each and every allegation contained in paragraphs 1 through 17 and incorporates those allegations herein.

19.     As a result of Defendants' failure to pay the amounts owed to KPI for the necessaries supplied to the M/V OCEAN BELT on orders of persons authorized to procure necessaries on behalf of the Vessel give rise to maritime liens under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301 *et seq.* in favor of KPI in the amounts as follows:

- Balance of Invoice 106264:        $33,018.00
- Interest at 3% (as of January 3, 2025):        $10,550.92
- Damages Pursuant to Section 8.5:        $8,713.78

20.     Therefore, the claims of KPI total $52,282.70 plus 3% interest per month going forward, pre and post judgment interest, disbursements, costs, and reasonable attorneys' fees. KPI respectfully requests that the Court enter judgment on this amount.

21.     It is common in Rule C arrest cases for the security (for the applicable costs, fees, interest, etc.) to be set at one and a half times the fairly stated claim and, therefore, Plaintiffs seek an Order of Arrest in the amount of $78,424.05. *See* Supplemental Rule E (5) (permitting substitute security up to twice the amount of the Plaintiff's fairly stated claim to cover interest, costs, fees, etc.).

22.     Pursuant to local rules, Plaintiffs agree to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability as a result of arresting the M/V OCEAN BELT as well as any other property of the Defendants within the District.

**WHEREFORE**, KPI OceanConnect Inc. and prays for the following relief:

A.     That this Verified Complaint be deemed good and sufficient.

B.     Process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rule C of the Supplemental Rues for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, may issue against the M/V OCEAN BELT her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances thereto., *in rem*.

C.     After due proceedings, there be judgment rendered in favor of KPI OceanConnect Inc. and against the M/V OCEAN BELT her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances, *in rem*, and against Ocean Belt Maritime Incorporated and Crystal Sea Shipping Co., Limited and that the M/V OCEAN BELT be condemned and sold to satisfy the judgment to be entered in favor of KPI OceanConnect Inc. in the full amount of its claims, together with interest, costs, and attorneys' fees, as set forth above.

D.     That this Court issue a warrant of arrest of all property of Ocean Belt Maritime Incorporated and/or Crystal Sea Shipping Co., Limited aboard the M/V OCEAN BELT.

Respectfully submitted,

ADAM AND REESE LLP


*/s/ Matthew C. Guy*

Matthew C. Guy (LA Bar No 31182)
Julia A. Meyer (LA Bar No.41347)
701 Poydras Street, Suite 4500
New Orleans, Louisiana, 70139
Tel:  (504) 581-3234
Fax:  (504) 584-9503
Email: matthew.guy@arlaw.com
          julia.meyer@arlaw.com

*Attorneys for KPI OceanConnect Inc.*

## VERIFICATION

I, Matthew C. Guy, am an attorney at the law form of Adams and Reese LLP, counsel to plaintiff KPI OceanConnect Incorporated. I am authorized by KPI OceanConnect Incorporated.to make this Verification.

The facts set forth in the Verified Complaint are true and correct based upon information provided to me as attorney for KPI OceanConnect Incorporated. The reason this Verification is made by the undersigned is that I am the attorney for KPI OceanConnect Incorporated. which does not have officers or directors within this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

_____

Matthew C. Guy

SWORN TO AND SUBSCIBED

BEFORE ME THIS 3rd DAY OF JANUARY 2025

_____

Harper Street
Notary Public, ID #200849
Parish of Orleans
My Commission is for Life

7